# EXHIBIT A

# RETAINED CLAIMS AND CAUSES OF ACTION

# [ATTACHED]

{00328801-6}

# EXHIBIT D

# RETAINED CLAIMS AND CAUSES OF ACTION

**1.     Retained Claims and Causes of Action**

Except as otherwise specifically provided in the Plan, the Final Cash Collateral Order or any other Final Order,[1] the Reorganized Debtors shall retain all rights to commence and pursue, as appropriate, any and all claims and Causes of Action (as that terms is defined in the Plan), whether arising before or after the Petition Date, in any court or other tribunal including, without limitation, in an adversary proceeding filed in one or more of the Chapter 11 Cases, and including but not limited to, the claims and Causes of Action specified in the Plan.  Due to the size and scope of the Debtors' business operations and the multitude of business transactions therein, there may be numerous other claims and Causes of Action that currently exist or may subsequently arise, in addition to the claims and Causes of Action identified below.  The Debtors are also continuing to investigate and assess which claims and Causes of Action may be pursued.  The Reorganized Debtors do not intend, and it should not be assumed that because any existing or potential claims or Causes of Action have not yet been pursued by the Debtors or do not fall within the list below, that any such claims or Causes or Action have been waived.  Under the Plan, the Reorganized Debtors retain all rights to pursue any and all claims and Causes of Action to the extent the Reorganized Debtors deem appropriate (under any theory of law or equity, including, without limitation, the Bankruptcy Code and any applicable local, state, or federal law, in any court or other tribunal, including, without limitation, in an adversary proceeding filed in the Chapter 11 Cases) except as otherwise specifically provided in the Plan, the Final Cash Collateral Order or any other Final Order.  The Debtors' retained claims and Causes of Action, include, without limitation:

- Causes of Action, including Avoidance Claims, as defined in the Plan;

- Objections to Claims and Interests under the Plan;

- Any and all litigation, claims, or Causes of Action of the Debtors and any rights, suits, damages, remedies, or obligations, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, relating to or arising from the acts, omissions, activities, conduct, claims, or Causes of Action listed or described in the Plan, Disclosure Statement, this Exhibit, or the Confirmation Order;

- Any other litigation, claims or Causes of Action, whether legal, equitable or statutory in nature, arising out of, or in connection with the Debtors' businesses, assets or operations or otherwise affecting the Debtors, including, without limitation, possible claims or Causes of Action against the following types of parties for the following types of claims:

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Plan.

{00328801-6}

- Possible claims against vendors, customers or suppliers for warranty, indemnity, back charge, set-off issues, overpayment or duplicate payment issues and collections, accounts receivables matters;

- Possible claims against utilities or other persons or parties for wrongful or improper termination of services to the Debtors;

- Possible claims for any breaches or defaults arising from the failure of any persons or parties to fully perform under contracts with the Debtors before the assumption or rejection of the subject contracts;

- Mechanic's lien claims of the Debtors;

- Possible claims for deposits or other amounts owed by any creditor, lessor, utility, supplier, vendor, factor or other person;

- Possible claims for damages or other relief against any party arising out of environmental, asbestos and product liability matters;

- Actions against insurance carriers relating to coverage, indemnity or other matters;

- Counterclaims and defenses relating to notes or other obligations;

- Possible claims against local, state and federal taxing authorities (including, without limitation, any claims for refunds of overpayments);

- Contract, tort, or equitable claims which may exist or subsequently arise;

- Any claims of the Debtors arising under Section 362 of the Bankruptcy Code;

- Equitable subordination claims arising under Section 510 of the Bankruptcy Code or other applicable law;

- Any and all claims arising under chapter 5 of the Bankruptcy Code and all similar actions under applicable law, including, but not limited to, preferences under Section 547 of the Bankruptcy Code, turnover Claims arising under Sections 542 or 543 of the Bankruptcy Code, and fraudulent transfers under Section 548 of the Bankruptcy Code; and

- Any and all past, present and future legal and equitable claims and Causes of Action against Global Gaming, LLC, Global Gaming Legends, LLC, Global Gaming Vicksburg, LLC, Global Gaming Bossier City, LLC, Global Gaming Solutions, LLC (collectively, "Global") and any directors, officers, agents, representatives, mangers, members and shareholders of Global and their affiliated and related entities, including but not limited to, those claims and Causes of Action set forth by the Debtors in the adversary proceeding entitled *Louisiana Riverboat Gaming Partnership, et al. v. Global*

*Gaming Legends, LLC*, Adv. Proc. No. 13-01008 and the counterclaim by the Debtors in the adversary proceeding entitled *Global Gaming Legends, LLC, et al. v. Legends Gaming of Louisiana-1, LLC, et al.*, Adv. Proc. No. 13-01007; and claims and Causes of Action for breach of contract, repudiation of contract, misrepresentation, fraud, bad faith, tortious interference with contract, detrimental reliance, alter ego, and piercing the corporate veil, including but not limited to, any damages allowed by law or equity including compensatory, punitive and anticipated future damages, plus all costs including attorney's fees, court costs, expert witness fees.

• Any and all past, present and future legal and equitable claims and Causes of Action against Chickasaw Nation of Oklahoma ("Chickasaw") and any directors, officers, agents, representatives, mangers, members and shareholders of Chickasaw and its affiliated and related entities, including but not limited to, claims and Causes of Action for breach of contract, repudiation of contract, misrepresentation, fraud, bad faith, tortious interference with contract, detrimental reliance, alter ego, piercing the corporate veil, and that Global and Chickasaw are a single business enterprise, including but not limited to, any damages allowed by law or equity including compensatory, punitive and anticipated future damages, plus all costs including attorney's fees, court costs, expert witness fees.

**2.     Preservation of All Causes of Action Not Expressly Settled, Released or Transferred**

Unless a claim or Cause of Action against a creditor or other Entity is expressly waived, relinquished, released, compromised, settled or transferred in the Plan, the Final Cash Collateral Order or any other Final Order, the Reorganized Debtors expressly reserve such claim or Cause of Action for later pursuit by the Reorganized Debtors, and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches shall apply to such claims or Causes of Action upon or after the Confirmation Date or Effective Date of the Plan based on the Disclosure Statement, the Plan or the Confirmation Order.  In addition, the Reorganized Debtors expressly reserve the right to pursue or adopt any claims of the Debtors or the Debtors in Possession, as trustees for or on behalf of the creditors (and any defenses), not so specifically and expressly waived, relinquished, released, compromised, settled or transferred that are alleged in any lawsuit in which the Debtors are a defendant or an interested party, against any Entity, including, without limitation, the plaintiffs or codefendants in such lawsuits.

Any Entity to whom the Debtors have incurred an obligation (whether on account of services, purchase or sale of goods, tort, breach of contract or otherwise), or who has received services from the Debtors or a transfer of money or property of the Debtors, or who has transacted business with the Debtors, or leased equipment or property from the Debtors should assume that such obligation, transfer, or transaction may be reviewed by the Reorganized Debtors subsequent to the Effective Date and may, to the extent not theretofore waived, relinquished, released, compromised, settled or transferred, be the subject of an action or claim or demand after the Effective Date, whether or not (a) such Entity has filed a proof of claim against the Debtors in the Chapter 11 Cases, (b) such Entity's proof of claim has been objected

to, (c) such Entity's Claim was included in the Debtors' Schedules, or (d) such Entity's scheduled Claim has been objected to by the Debtors or has been identified by the Debtors as disputed, contingent, or unliquidated.