**SO ORDERED.**

**DONE and SIGNED June 27, 2013.**



_Stephen V. Callaway_
**STEPHEN V. CALLAWAY**
**UNITED STATES BANKRUPTCY JUDGE**

---

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

-------------------------------------------------------x
In re                                               :   Case No. 12-12013
                                                :
**LOUISIANA RIVERBOAT GAMING**                      :   Chapter 11
**PARTNERSHIP**, _et al._[1]                        :
                                                :   Hon. Stephen V. Callaway
      Debtors.           :
-------------------------------------------------------x   Jointly Administered

### ORDER CONFIRMING JOINT CHAPTER 11 PLAN FOR
### LOUISIANA RIVERBOAT GAMING PARTNERSHIP
### AND AFFILIATES AS AMENDED THROUGH JUNE 24, 2013 [P-534]

The Court having considered (a) the _Joint Chapter 11 Plan of Reorganization For_

_Louisiana Riverboat Gaming Partnership and Affiliates as Amended Through May 10,_

_2013_ [P-462] (with the immaterial modifications requested in that certain _Motion For_

_Entry Of An Order Approving Immaterial Modifications To The Joint Chapter 11 Plan_

_For Louisiana Riverboat Gaming Partnership And Affiliates As Amended Through May_

---

1 Legends Gaming of Louisiana-1, LLC (12-12014); Legends Gaming of Louisiana-2, LLC (12-12015); Legends Gaming, LLC (12-12017); Legends Gaming of Mississippi, LLC (12-12019); and Legends Gaming of Mississippi RV Park, LLC (12-12020) are being jointly administered with Louisiana Riverboat Gaming Partnership pursuant to order of this Court [P-3].

*10, 2013* [P-521] and orally at the Confirmation Hearing,[2] and as thereafter modified as set forth in this Confirmation Order, the "<u>Plan</u>") filed by Louisiana Riverboat Gaming Partnership, Legends Gaming of Louisiana-1, LLC, Legends Gaming of Louisiana-2, LLC, Legends Gaming, LLC, Legends Gaming of Mississippi, LLC and Legends Gaming of Mississippi RV Park, LLC (collectively, the "<u>Debtors</u>" or the "<u>Plan Proponents</u>"), (b) all other documents and notices related to the Plan that are part of the record of these cases, (c) the record of the entire above-captioned cases, (d) *Certification of P. Joseph Morrow IV With Respect to the Tabulation of Ballots on the Joint Chapter 11 Plan for Louisiana Riverboat Gaming Partnership and its Affiliates as Amended Through May 10, 2013* [P-520], (e) the objections filed with respect to the confirmation of the Plan, (f) the Affidavit of Raymond C. Cook, and (g) the evidence presented and the argument of counsel at the Confirmation Hearing; and the Court having determined that just cause has been established for the relief requested by the Debtors and that all requirements for the confirmation of the Plan have been satisfied,

**IT IS HEREBY ORDERED THAT:**

1.      <u>Confirmation of the Plan</u>.  The Plan [P-534], which is attached hereto as <u>Exhibit A</u>, is hereby confirmed.  All objections to confirmation of the Plan and all reservations of rights included therein that have not been resolved, withdrawn or addressed in this Confirmation Order are hereby overruled on their merits and denied with prejudice.  The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the Plan be confirmed in its entirety.

---

2 Except as defined herein, or as otherwise apparent, capitalized terms used in this Confirmation Order shall have the meanings ascribed to them in the Plan.

12-12013 - #542  File 06/27/13  Enter 06/27/13 14:37:45  Main Document  Pg 2 of 23

2. <u>Votes on the Plan</u>. All acceptances and rejections timely cast for or against the Plan are hereby deemed to constitute acceptances or rejections of the Plan.

3. <u>Plan Classification</u>. The classification of Claims for the purposes of distribution to be made under the Plan is governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the holders of Claims in connection with the voting on the Plan (a) were set forth thereon solely for purposes of voting on the Plan, (b) do not necessarily represent and in no event shall be deemed to modify or otherwise affect the actual classification of any Claim, and (c) may not be relied upon by any creditor as actually representing the actual classification of its Claim under the terms of the Plan for distribution purposes.

4. <u>Separate Orders</u>. This Confirmation Order shall be deemed a separate order of this Court with respect to each Debtor for all purposes. The Clerk of the Court shall file and docket this Confirmation Order in the Chapter 11 Case of each Debtor.

5. <u>Continued Existence</u>. Except as otherwise provided in the Plan, each Debtor shall continue to exist as a separate legal entity, with all the rights and powers applicable to such entity under applicable law and their respective organizational documents and without prejudice to any right to alter or terminate such existence either before or after the Effective Date (whether by merger, dissolution, or otherwise) under applicable law.

6. <u>Vesting of Assets and Avoidance Claims and Causes of Action</u>. On and after the Effective Date, pursuant to Sections 1141(b) and (c) of the Bankruptcy Code, all Assets of the Debtors (including, without limitation, the Business and all past, present

and future claims and Causes of Action against Global Gaming) shall vest in the Reorganized Debtors.

7.  <u>Implementation of the Plan</u>.  Without further order or authorization of this Court, the Debtors and, upon the occurrence of the Effective Date, the Reorganized Debtors are authorized to take all necessary or appropriate steps and perform all necessary or appropriate acts to effectuate and implement the Plan including, without limitation, the execution and filing of any agreements, instruments, releases and other documents required or contemplated by the Plan.  In connection with the occurrence of the Effective Date, the Debtors and Reorganized Debtors, and each person who is authorized to do so under the governing documents of the Debtors and the Reorganized Debtors, are hereby authorized to execute, deliver, or record such contracts, instruments, releases, indentures, and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, and to make any and all necessary filings with applicable governmental authorities.  All actions contemplated by the Plan are hereby ratified, authorized, and approved in all respects.

8.  <u>Substantial Contribution Claims</u>.  All parties are forever barred from asserting against the Debtors, their respective Estates, the Reorganized Debtors, and their respective properties any application or request for compensation or reimbursement of expenses under Section 503(b)(3)(D) of the Bankruptcy Code and the holders of any such Claims are barred from recovering any distributions under the Plan on account thereof.

9.  <u>Deadline for Filing Requests for Payment of Administrative Expense Claims</u>.  Except with respect to any Administrative Expense Claims (a) that are Allowed

12-12013 - #542  File 06/27/13  Enter 06/27/13 14:37:45  Main Document  Pg 4 of 23

under the Plan or payable pursuant to an order of the Bankruptcy Court or (b) for which a different deadline is established by Article 2 of the Plan, Administrative Expense Claims must be Filed in the form of an application or request no later than thirty (30) days after the Confirmation Date, and such application or request shall specify the bases for the Administrative Expense Claim and why the holder of the Administrative Expense Claim is entitled to priority under Sections 503(b), 507(b) or 1114(e)(2). Otherwise, any such Administrative Expense Claim is and shall be deemed to be forever barred and unenforceable against the Debtors, their respective Estates, their Assets and the Reorganized Debtors, and the holders of any such Claims are barred from recovering any distributions under the Plan on account thereof.

The deadline for Global Gaming to File an Administrative Expense Claim in the Bankruptcy Case in accordance with Section 2.1.4 of the Plan is extended until 10 days after the entry of a Final Order or Judgment in the Pending Adversary Complaints.

10.    <u>Exemption from Securities Laws</u>.  All distributions pursuant to the Plan and the offer, issuance, sale or purchase of the New Interests and the Amended First Lien Credit Facility under the Plan shall be exempt from registration under any federal (including the Securities Act), state or local law, rule or regulation pursuant to Section 1145 of the Bankruptcy Code or other applicable law. The New Interest Holder and the Reorganized Debtors shall be deemed to qualify as successors to the Debtors under the Plan solely for purposes of Section 1145 of the Bankruptcy Code.  Distributions, including the offer, issuance, sale or purchase of the New Interests and the Amended First Lien Credit Facility under the Plan, shall be deemed to satisfy all of the requirements of

Section 1145(a)(l) of the Bankruptcy Code and therefore be exempt from registration under the Securities Act and any federal, state or local securities law, rule or regulation.

11. <u>Good Faith</u>. Any Released Party who solicits or participates in the offer, issuance, sale or purchase of the New Interests and the Amended First Lien Credit Facility under the Plan, is hereby found to have done so in good faith and in compliance with the applicable provisions of the Bankruptcy Code. No Released Party shall be liable, on account of such solicitation or participation, for any violation of any applicable law, rule or regulation governing solicitation of acceptance or rejection of the Plan or the offer, issuance, sale or purchase of any securities or debt obligations under the Plan, including but not limited to the New Interests and the Amended First Lien Credit Facility.

12. <u>Section 1146 Exemption</u>. Pursuant to section 1146 of the Bankruptcy Code, any transfers of property (whether from a Debtor to a Reorganized Debtor or to any other person or entity) pursuant to, in contemplation of, or in connection with the Plan or pursuant to: (i) the issuance, distribution, transfer, or exchange of any debt or equity interest in the Debtors or the Reorganized Debtors; (ii) the creation, modification, consolidation, termination, refinancing and/or recording of any mortgage, deed of trust, or other security interest, or the securing of additional indebtedness by such or other means; (iii) the making, assignment, or recording of any lease or sublease; (iv) the grant of collateral as security for the Amended First Lien Credit Facility; or (v) the making, delivery, or recording of any deed or other instruments of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan, shall not be subject to any document

recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment. Upon entry of this Order, all applicable government officials or agents shall, and hereby are directed to, forgo the collection of any such tax, recordation fee, or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment.

13. <u>Assumption and Rejection of Executory Contracts and Unexpired Leases</u>. Each executory contract or unexpired lease of the Debtors that has not expired by its own terms before the Effective Date or has not previously been assumed by the applicable Debtor in Possession pursuant to an order of the Bankruptcy Court, shall be assumed by the applicable Debtor as of the Effective Date pursuant to Sections 365 and 1123 of the Bankruptcy Code, except for any executory contract or unexpired lease (i) that is listed on a "Schedule of Executory Contracts and Unexpired Leases to be Rejected," (ii) that has been previously rejected by a Debtor in Possession pursuant to an order of the Bankruptcy Court, (iii) as to which a motion for rejection of such executory contract or unexpired lease is filed prior to the Effective Date, or (iv) added to the "Schedule of Executory Contracts and Unexpired Leases to be Rejected" on or prior to the Effective Date. Any executory contract or unexpired lease assumed pursuant to the Plan shall be assumed by the applicable Debtor as of the Effective Date, shall be fully enforceable by the applicable Debtor in accordance with its terms thereof, and shall include all written modifications, amendments, supplements of said executory contract or unexpired lease and, as with respect to executory contracts or unexpired leases that relate to real property,

shall include all written agreements and leases appurtenant to the premises, including easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, powers, uses, reciprocal easements, and any other interests in real property or rights *in rem* related to such premises.

14. <u>Rejection of Executory Contracts and Unexpired Leases</u>. Subject to the occurrence of the Effective Date, this Confirmation Order shall constitute an order of the Bankruptcy Court approving the rejection as of the Effective Date of all executory contracts and unexpired leases which are not assumed under the Plan, with the rejection effective as of the day before the Petition Date, as being burdensome and not in the best interest of the Debtors' Estates.

15. <u>Debtors' Right to Amend Schedule of Executory Contracts and Unexpired Leases to be Rejected</u>. The Debtors have the right at any time before the Effective Date to amend the "Schedule of Executory Contracts and Unexpired Leases to be Rejected" to: (i) delete any executory contract or unexpired lease listed on the "Schedule of Executory Contracts and Unexpired Leases to be Rejected," thus providing for its assumption under the Plan, or (ii) add any executory contract or unexpired lease to the "Schedule of Executory Contracts and Unexpired Leases to be Rejected," thus providing for its rejection under the Plan. The Debtors shall provide notice of any such amendment of the "Schedule of Executory Contracts and Unexpired Leases to be Rejected" to the party to the affected executory contract and unexpired lease, to counsel for the First Lien Agent and the First Ad Hoc Group, and to the Office of the U.S. Trustee. Listing a contract or lease on the "Schedule of Executory Contracts and Unexpired Leases to be Rejected" is not deemed an admission by the applicable Debtor or Reorganized Debtor that such

contract is an executory contract or unexpired lease or that any Debtor or Reorganized Debtor has any liability thereunder.

16.     <u>Rejection Damage Claims; Deadline for Filing Rejection Damage Claims.</u> Except as may otherwise be provided in the Plan, Rejection Damage Claims, if any, will be treated as General Unsecured Claims in Class 8. All such Claims shall be discharged on the Effective Date, and shall not be enforceable against the Reorganized Debtors and the Assets (and, for the avoidance of doubt, such rejected contracts and leases shall not constitute Assumed Liabilities).

Each party to a contract or lease that is rejected by any Debtor must file with the Bankruptcy Court and serve on the Debtors or, if after the Effective Date, on the Reorganized Debtors, no later than the earlier of (i) thirty (30) days after the entry of an order for the rejection of such contract or lease or (ii) thirty (30) days after the Effective Date, a proof of claim for any and all damages alleged to arise from the rejection of the applicable contract or lease or be forever barred from filing a Claim, or sharing in distributions under the Plan, related to such alleged rejection damages.

17.     <u>Cure Costs Related to Assumed Executory Contracts and Unexpired Leases.</u> As to each assumed executory contract or unexpired lease: (i) all defaults of the Debtors shall be deemed cured with respect to each such assumed executory contract or unexpired leases, (ii) no remaining Cure Costs are due and owing and there is no compensation due for any actual pecuniary loss other than as may except as set forth herein and in the *Amended and Supplemental Notice of Assumption of Contracts and Cure Costs of Such Contracts Pursuant Joint Chapter 11 Plan for Louisiana Riverboat Gaming Partnership and Affiliates as Amended through May 10, 2013* [P-509] and the

*Supplemental Notice of Assumption of Contracts and Cure Costs of Such Contracts Pursuant Joint Chapter 11 Plan for Louisiana Riverboat Gaming Partnership and Affiliates as Amended through May 10, 2013* [P-524], (iii) there is adequate assurance of future performance, (iv) such assumption is in the best interest of the applicable Debtor and its estate, (v) upon the Effective Date, the assumed executory contracts or unexpired leases constitute legal, valid, binding and enforceable contracts in accordance with the terms thereof, (vi) the counterparty to each is required to and ordered to perform under and honor the terms of the assumed executory contract or unexpired lease, and (vii) the performance of each after the Effective Date will be the responsibility of the Reorganized Debtors, as applicable, pursuant to 11 U.S.C. §363(k). All executory contracts and unexpired leases assumed under the Plan or during the Chapter 11 Cases constitute valid contracts and leases, as applicable, enforceable by the Debtors against the non-Debtor counterparties regardless of any cross-default or change of control provisions in any contracts or leases assumed, assumed or assigned, or rejected under the Plan or during the Chapter 11 Cases.

18.     <u>Cure Cost Owed to Bally Gaming</u>. In order to cure the Debtors' defaults under any and all executory contracts and unexpired leases by and between Bally Gaming ("<u>Bally</u>") and the Debtors, the Reorganized Debtors shall pay Bally $67,000.00 within thirty (30) days after the Effective Date.

19.     <u>No Creation of New Liabilities</u>.  Nothing in the Disclosure Statement, the Plan or any Plan Supplement, any exhibit to the Plan or any Plan Supplement, or any document executed or delivered in connection therewith creates any obligation or liability on the part of the Debtors, the Reorganized Debtors, or any other person or entity that is

not currently liable for such obligation with respect to any executory contract or unexpired lease, except as may otherwise expressly be provided in the Plan.

20. <u>Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property</u>. The Effective Date of the Plan is hereby established as the deadline for the Debtors to assume or reject any and all unexpired leases of nonresidential real property.

21. <u>Professional Fees</u>. All Professionals of the Debtors who seek compensation or who have been compensated from the estates of the Debtors in Possession during the Chapter 11 Cases shall, pursuant to Sections 327, 328, 330, or 503(b) of the Bankruptcy Code, (a) File final applications for allowance of compensation for services and reimbursement of expenses incurred from the Petition Date through the Effective Date by no later than the date that is forty-five (45) days after the Effective Date, and (b) if granted such an award by the Bankruptcy Court, be paid in full by the Debtors or, as applicable, the Reorganized Debtors or as otherwise provided in the Plan in such amounts as are Allowed by the Bankruptcy Court. For the avoidance of doubt, no professional retained or employed by or for the benefit of the First Lien Agent or the First Lien Ad Hoc Group shall be required to File any motion or application for allowance or payment of any of its fees and expenses.

22. <u>Post-Confirmation Date Retention of Professionals</u>. After the Effective Date, any requirement that professionals employed by the Debtors comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Reorganized Debtors shall be free to employ and compensate professionals in the ordinary course of business and without the need for Court approval.

23.     <u>Estimation of Disputed Claims or Interests</u>.  The Debtors and, after the Effective Date, the Reorganized Debtors may at any time request that the Bankruptcy Court estimate for all purposes, including distribution under the Plan, any Disputed Claim or any contingent or unliquidated Claim (including any Administrative Expense Claim) pursuant to Section 502(c) of the Bankruptcy Code whether or not the Debtors or the Reorganized Debtors have previously objected to such Claim.  The Bankruptcy Court shall retain jurisdiction to estimate any such Claim (including any Administrative Expense Claim) at any time, including, without limitation, during the pendency of an appeal relating to such objection.

24.     <u>Preservation of All Causes of Action Not Expressly Settled or Released</u>. Except  (i) for Causes of Action that are expressly released in the Plan, the Final Cash Collateral Order or any other Final Order and (ii) as otherwise expressly provided in the Plan, the Final Cash Collateral Order or any other Final Order, any and all rights, claims, or Causes of Action of the Debtors or the Debtors in Possession pursuant to the Bankruptcy Code or pursuant to any statute or legal theory, including the Global Litigation and the Avoidance Claims, any rights to, claims, or Causes of Action, all claims and Causes of Action against any third parties including, without limitation to, any rights, claims, and Causes of Action shall, pursuant to the Plan, be retained by and vest in the Reorganized Debtors.  For the avoidance of any doubt, all of the Debtors' past, present and future claims and Causes of Action against Global Gaming (including, without limitation, the Global Litigation) shall vest in the Reorganized Debtors, and the First Lien Agent and the First Lien Ad Hoc Group shall continue to be entitled to intervene in the Global Litigation.  The Reorganized Debtors shall have the right to assert

and prosecute any and all Causes of Action as representative of the Debtors' Estates under 11 U.S.C. §1123(b)(3)(B). No preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches shall apply to such claims or Causes of Action on or after the Effective Date based on the Disclosure Statement, the Plan, this Confirmation Order or otherwise.

25. <u>Binding Effect</u>. Subject to the occurrence of the Effective Date, the provisions of the Plan shall bind any holder of a Claim against or an Interest in any of the Debtors and such holder's successors and assigns, whether or not such holder's Claim or Interest is Impaired under the Plan, whether or not such holder has accepted the Plan, and whether or not such holder is entitled to a distribution under the Plan. The provisions of the Plan also bind any and all other parties in interest.

26. <u>Discharge</u>. Except as otherwise specifically provided in the Plan or in this Confirmation Order, the rights afforded in the Plan and the treatment of the Claims and Interests in the Plan shall be in exchange for and in complete satisfaction, discharge, and release of all Claims against and Interests in the Debtors, the Debtors in Possession, the Reorganized Debtors, the Assets, properties, or Interests in, or property of the Debtors, the Debtors in Possession, and the Reorganized Debtors of any nature whatsoever, including any interest accrued on any Claim from and after the Petition Date. Except as expressly otherwise provided in the Plan or in this Confirmation Order, on the Effective Date, all Claims arising before the Effective Date (including those arising under Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code) against the Debtors and the Debtors in Possession (including any based on acts or omissions that constituted or may have

constituted ordinary or gross negligence or reckless, willful, or wanton misconduct of any of the Debtors, or any conduct for which any of the Debtors may be deemed to have strict liability under any applicable law), and all Interests shall be irrevocably discharged, cancelled and released in full.

For the avoidance of doubt, the Reorganized Debtors shall be responsible only for (a) those payments and Distributions expressly provided for or due under the Plan from the Reorganized Debtors and (b) Claims and Interests that are not canceled and discharged pursuant to express provisions of the Plan, and then only to the extent and in the manner specifically and expressly provided in the Plan. All parties are precluded and forever barred from asserting against the Debtors, the Debtors in Possession, the Reorganized Debtors, the Assets, properties, or Interests in or property of the Debtors, the Debtors in Possession, or the Reorganized Debtors of any nature whatsoever any Claims or Interests based upon any act or omission, transaction, or other activity, event, or occurrence of any kind or nature that occur prior to the Effective Date, whether or not the facts of or legal bases therefor were known or existed prior to the Effective Date, except for (a) those payments and distributions expressly due under the Plan and (b) Claims and Interests, if any, that are not canceled and discharged under the express terms of the Plan, but instead survive pursuant to express provisions of the Plan, and then only to the extent and in manner expressly provided in the Plan.

27. <u>Indemnification Obligations</u>. All rights to indemnification from the Debtors or Reorganized Debtors, as applicable, whether pursuant to applicable law, certificates of incorporation, articles of incorporation or bylaws (or similar documents), indemnification agreements, contribution agreements or other agreements affording

indemnity or similar protection to any party that are in effect immediately prior to the occurrence of the Effective Date shall terminate on the Effective Date without further action, and shall extinguish, discharge, and terminate any Claims and proofs of claim filed with respect to such indemnification, but without prejudice to the rights of any persons (i) under the prior or existing directors' and officers' liability insurance policies, (ii) for indemnity from the Debtors or Reorganized Debtors, as applicable, up to the amount of, and payable solely from, the proceeds of prior or existing directors' and officers' liability insurance policies, or (iii) under the Amended First Lien Credit Facility.

28.    <u>Term of Certain Injunctions</u>.  Unless otherwise provided in the Plan or in this Confirmation Order, all of the injunctions and/or stays provided for in, or in connection with, the Chapter 11 Cases, whether pursuant to Section 105, Section 362, or any other provision of the Bankruptcy Code or other applicable law, in existence on the Confirmation Date, shall remain in full force and effect through the Effective Date and thereafter if so provided by the Plan, this Confirmation Order, or by their own terms.  In addition, on and after the Confirmation Date, the Debtors may seek such further orders as they may deem necessary or appropriate to enforce this provision.

29.    <u>Unclaimed Property</u>.  If the distribution to any holder of an Allowed Claim is returned as undeliverable, the Reorganized Debtors shall use reasonable efforts to determine the current address of such holder.  Any person or entity that fails to claim any distribution to which it is entitled under the Plan shall forfeit all rights to any such distributions, and shall have no claim whatsoever with respect thereto against the Debtors, their Estates, the Reorganized Debtors, their respective properties, or any holder

of an Allowed Claim or Interest that has received any Distributions under the Plan.  Upon the forfeiture of any cash, such cash shall be the property of the Reorganized Debtors.

30.  ***RELEASE OF DEBTORS' CLAIMS***.  *AS OF THE EFFECTIVE DATE, AND SUBJECT TO ITS OCCURRENCE, FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THE RELEASED PARTIES, ANY AND ALL CAUSES OF ACTION OF THE DEBTORS, DEBTORS IN POSSESSION, THE DEBTORS' ESTATES AND THE REORGANIZED DEBTORS AGAINST ANY OF THE RELEASED PARTIES BASED IN WHOLE OR IN PART UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE SHALL BE FOREVER RELEASED AND DISCHARGED. THE FOREGOING RELEASES, HOWEVER, SHALL NOT (1) WAIVE ANY DEFENSES TO ANY CLAIMS ASSERTED AGAINST THE DEBTORS BY ANY RELEASED PARTIES EXCEPT TO THE EXTENT SUCH CLAIMS HAVE BEEN SPECIFICALLY ALLOWED IN THE PLAN OR BY A FINAL ORDER OF THE BANKRUPTCY COURT, OR (2) RELEASE ANY CLAIMS OR CAUSES OF ACTION BASED ON GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF ANY RELEASED PARTY.  FOR THE AVOIDANCE OF DOUBT, GLOBAL GAMING SHALL NOT BE A RELEASED PARTY AND ALL RIGHTS AND CLAIMS AND CAUSES OF ACTION, INCLUDING THE GLOBAL LITIGATION, WILL VEST IN THE REORGANIZED DEBTORS ON THE EFFECTIVE DATE.*

31.  ***RELEASE BY HOLDERS OF CLAIMS***.  *EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN OR THIS CONFIRMATION ORDER,*

*ON AND AFTER THE EFFECTIVE DATE, EACH HOLDER OF A CLAIM WHO HAS VOTED TO ACCEPT THE PLAN SHALL BE DEEMED TO HAVE UNCONDITIONALLY RELEASED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED IN WHOLE OR IN PART UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE ON ACCOUNT OF ANY RELATIONSHIP WITH THE DEBTORS OR ON ACCOUNT OF ANY CLAIM, EXCEPT FOR (I) WITH RESPECT TO THE REORGANIZED DEBTORS, CLAIMS WHICH ARE OR BECOME ALLOWED CLAIMS AND ARE TO BE PAID AS PROVIDED PURSUANT TO THE PLAN, AND (II) ANY CLAIMS OR CAUSES OF ACTION BASED ON GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF ANY RELEASED PARTY.*

32. ***EXCULPATION.*** *EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED FOR IN THE PLAN OR THIS CONFIRMATION ORDER, AND TO THE MAXIMUM EXTENT AUTHORIZED BY APPLICABLE LAW, THE RELEASED PARTIES, THE DEBTORS, THE DEBTORS IN POSSESSION AND THE REORGANIZED DEBTORS SHALL HAVE NO LIABILITY TO ANY ENTITY FOR ANY ACT OR OMISSION IN CONNECTION WITH OR ARISING OUT OF*

*THE NEGOTIATION OF THE PLAN, ALL MATTERS RELATING TO OR IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE PURSUIT OF APPROVAL OF THE DISCLOSURE STATEMENT, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE CONSUMMATION OF THE PLAN, THE TRANSACTIONS CONTEMPLATED AND EFFECTUATED BY THE PLAN, THE ADMINISTRATION OF THE PLAN, OR THE ASSETS TO BE DISTRIBUTED UNDER SUCH PLAN OR ANY OTHER ACT OR OMISSION DURING THE ADMINISTRATION OF THE CHAPTER 11 CASES OR THE DEBTORS' ESTATES, EXCEPT FOR CLAIMS BASED ON GROSS NEGLIGENCE OR WILLFUL MISCONDUCT.  IN ALL RESPECTS, EACH OF THE FOREGOING SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES WITH RESPECT TO THE NEGOTIATION OF THE PLAN, ALL MATTERS RELATING TO OR IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE PURSUIT OF APPROVAL OF THE DISCLOSURE STATEMENT, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE CONSUMMATION OF THE PLAN, THE TRANSACTIONS CONTEMPLATED AND EFFECTUATED BY THE PLAN, THE ADMINISTRATION OF THE PLAN, OR THE ASSETS TO BE DISTRIBUTED UNDER SUCH PLAN OR ANY OTHER ACT OR OMISSION DURING THE ADMINISTRATION OF THE CHAPTER 11 CASES OR THE DEBTORS' ESTATES.*

33. ___NO SUCCESSOR LIABILITY___.  *EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN OR THIS CONFIRMATION ORDER,*

***NONE OF THE DEBTORS, THE REORGANIZED DEBTORS, THE FIRST LIEN
AGENT, THE FIRST LIEN AD HOC GROUP, THE FIRST LIEN LENDERS, THE
CONSENTING SECOND LIEN LENDERS, OR THE SECOND LIEN AGENT WILL
HAVE ANY RESPONSIBILITIES, PURSUANT TO THE PLAN OR OTHERWISE,
FOR ANY LIABILITIES OR OBLIGATIONS OF THE DEBTORS OR ANY OF THE
DEBTORS' PAST OR PRESENT SUBSIDIARIES RELATING TO OR ARISING
OUT OF THE OPERATIONS OF OR ASSETS OF THE DEBTORS OR ANY OF
THE DEBTORS' PAST OR PRESENT SUBSIDIARIES, WHETHER ARISING
PRIOR TO, OR RESULTING FROM ACTIONS, EVENTS, OR CIRCUMSTANCES
OCCURRING OR EXISTING AT ANY TIME PRIOR TO THE EFFECTIVE DATE.
THE DEBTORS, THE REORGANIZED DEBTORS, THE FIRST LIEN AGENT,
THE FIRST LIEN AD HOC GROUP, THE FIRST LIEN LENDERS, THE
CONSENTING SECOND LIEN LENDERS, AND THE SECOND LIEN AGENT
HAVE NO SUCCESSOR OR TRANSFEREE LIABILITY OF ANY KIND OR
CHARACTER, FOR ANY CLAIMS.***

34.     <u>Exclusive Right to File Plan</u>. Subject to 11 U.S.C. § 1121(d), the period
during which the Debtors have the exclusive right to file a plan is hereby extended
through the Effective Date.

35.     <u>Reversal, Modification or Vacatur of This Confirmation Order</u>.  If any or
all of the provisions of this Confirmation Order or the Plan are hereafter reversed,
modified or vacated by subsequent order of this Court or any other court of competent
jurisdiction, such reversal, modification or vacatur shall not affect the validity of the acts

performed or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order.

36. <u>Construction</u>. The provisions of the Plan and this Confirmation Order shall be construed in a manner consistent with one another so as to effect the purposes of each; *provided, however*, that if it is determined that there is an inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be reconciled, then, solely to the extent of such inconsistency, the provision of this Confirmation Order shall govern, control and take precedence, and such provision of this Confirmation Order shall be deemed a modification of the Plan to the extent of any such inconsistency.

37. <u>Successors and Assigns</u>. The rights, benefits and obligations of any party named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, personal representative, successor or assign of such party.

38. <u>Modification and Amendment of the Plan</u>. Subject to the restrictions on modifications set forth in Section 1127 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3019, the Plan may be amended or modified by the Debtors at any time, and, after the Effective Date, by the Reorganized Debtors, *provided* that, notwithstanding the foregoing, no amendments or modifications which affect the rights or obligations of the First Lien Ad Hoc Group or the First Lien Agent may be made to the Plan after entry of this Confirmation Order without the written approval of the First Lien Ad Hoc Group or the First Lien Agent, which approval may be granted or withheld in their respective sole discretion.

39.     No Admissions.     As to contested matters, adversary proceedings, and other Causes of Action or threatened Causes of Action, nothing in the Plan, the Plan Supplement or the Disclosure Statement shall constitute or be construed as an admission by the Debtors, the Reorganized Debtors or any Released Party of any fact or liability, stipulation, or waiver.  The Plan, the Plan Supplement or the Disclosure Statement shall not be construed to be conclusive advice on the tax, securities, and other legal effects of the Plan as to holders of Claims against, or Interests in, the Debtors or any of their subsidiaries and affiliates, as debtors and debtors in possession in these Chapter 11 Cases.

40.     Governmental Approvals Not Required.     Except with respect to any Gaming Regulator, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any federal, state or any other governmental authority with respect to (i) the implementation or consummation of the Plan and (ii) any related documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, any related documents, instruments or agreements related thereto, and any amendments or modifications to any of the foregoing.

41.     Retention of Jurisdiction.     Pursuant to Sections 105(a) and 1142 of the Bankruptcy Code, and as set forth in Article 12 of the Plan, this Court shall retain and shall have jurisdiction to the fullest extent provided by applicable law over any matter arising under the Bankruptcy Code or arising in or related to the Chapter 11 Cases or the Plan, including, without limitation, those matters set forth in Article 12 of the Plan.

42.     Recordation.     This Confirmation Order is hereby declared to be in recordable form and a copy thereof shall be accepted by any recording officer for filing

and recording purposes without further or additional orders, certifications or other supporting documentation.

43. <u>Notice of Confirmation</u>. Within two (2) Business Days after entry of this Confirmation Order, or within such further time as this Court may allow, the Debtors shall cause a copy of a notice of the entry of this Confirmation Order to be mailed by first class mail to all creditors of the Debtors and all holders of the equity interests. Such notice shall be adequate under the particular circumstances of these Chapter 11 Cases and no other or further notice shall be necessary or required.

44. <u>Filing of Notice of Effective Date</u>. Within two (2) Business Days after the occurrence of the Effective Date, the Reorganized Debtors shall file a notice of occurrence of the Effective Date signed by the counsel for the Debtors reflecting (a) that the foregoing conditions to the occurrence of the Effective Date have been satisfied or waived by the Debtors and any other person whose consent or waiver is required, (b) the date of the Effective Date, (c) acknowledging that the Effective Date has occurred on and as of such date, and (d) the final "Schedule of Executory Contracts and Unexpired Leases to be Rejected."

45. <u>Record of Confirmation Hearing</u>. The record of the Confirmation Hearing is hereby closed. Any findings of fact and conclusions of law made by the Court at the Confirmation Hearing are incorporated herein by reference and shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

46. <u>Authorization to Consummate Plan</u>. Bankruptcy Rules 3020(e) and 6006(d) shall not be applicable to this Confirmation Order, and the Debtors are authorized to consummate the Plan immediately upon the satisfaction or waiver, as

applicable and in accordance with the provisions of the Plan, of the conditions precedent set forth in section 10.1 of the Plan.

# # #

This order was prepared and is being submitted by:

William H. Patrick, III (La. Bar No. 10359)
Tristan Manthey (La. Bar No. 24539)
Cherie Dessauer Nobles (La. Bar No. 30476)
**HELLER, DRAPER, PATRICK & HORN, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana  70130
Phone:  504-299-3300 // Fax:  504-299-3399
**Counsel for Debtors in Possession**